(67 Misc. Rep. 398.)

## WASSERMAN v. RUBIN.

(Supreme Court, Appellate Term. May 17, 1910.)

APPEAL AND ERROR (§ 1050*)—ADMISSION OF EVIDENCE—PREJUDICIAL ERROR.

In an action for money lent, where near the close of a trial to the court, at which the evidence was evenly balanced, the court questioned defendant, and brought out that he was the owner of property, had money deposited in bank, was an employer, an officer of a corporation, etc., evidently intended to show that he did not need to borrow money, it was error to refuse to strike out such evidence as incompetent and immaterial, and was ground for reversal, as, since the court asked the questions, it may fairly be assumed that the testimony must have influenced the decision.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Wasserman against Martin Rubin. From a Municipal Court judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

David Robson, for appellant.
Abr. B. Keve, for respondent.

BIJUR, J. Plaintiff sues for $70, money loaned to defendant. Near the close of the trial, in which the evidence can hardly be said to have preponderated for either party, the court (there being no jury) interrogated defendant, and brought out that he was the owner of property, had money deposited in bank, was an employer of several people, an officer of a corporation, etc.—all evidently intended to show that defendant did not need to borrow money. The court denied the motion of the plaintiff to strike out this evidence as incompetent, irrelevant, and immaterial. The denial was error, and, as the court asked the questions, it is fair to assume that the testimony must have influenced the decision.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.